(No. 13198.—Reversed and remanded.)

GEORGE PARSONS *et al.* Appellees, *vs.* THE CITY OF HERRIN *et al.* Appellants.

*Opinion filed April 21, 1920—Rehearing denied June 3, 1920.*

MOTOR VEHICLES—*when an ordinance for licensing of motor vehicles is not void.* An ordinance for the licensing of motor vehicles owned by the inhabitants of a municipality is not void because it does not apply also to parties living outside the city, nor because it requires the license fee to be paid in the first instance to the city clerk, nor because it requires applicants for a license to furnish such information as may be required. (*Robbins* v. *City of Herrin, ante,* p. 133, followed.)

APPEAL from the City Court of Herrin; the Hon. A. D. MORGAN, Judge, presiding.

CHARLES C. MURRAH, and HOSEA V. FERRELL, for appellants.

THOMPSON & THOMPSON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellees filed in the city court of Herrin their bill in equity in behalf of themselves and fifty or more persons similarly situated and engaged in the same business who might wish to become parties complainant, to enjoin the city of Herrin, the mayor, city attorney and chief of police, who were made defendants, from enforcing an ordinance requiring a license for the use of any motor vehicle in the transportation of persons or property upon the streets, avenues or alleys of the city. The bill alleged that the complainants were the owners of and engaged in the use of motor vehicles in the city for the purposes specified in the ordinance, and charged that the ordinance was void because (1) yeas and nays were not taken and recorded in the journal of the proceedings for the passage of the ordinance;

(2) it did not appear from the record that a majority of all the members elected to the city council voted for the passage of the ordinance; (3) the ordinance was presented at the meeting at which the council attempted to pass it and the rules were not suspended; (4) the ordinance discriminated between persons living outside and inside of the city; (5) the ordinance provided that the license fee should be paid to the city clerk; and (6) the ordinance required applicants for a license to furnish such other information as might be prescribed, which was inquisitorial and discretionary with some unnamed officer or person. The bill was answered, and upon a hearing the court entered a decree finding the ordinance to be *ultra vires,* illegal and void and enjoining the defendants from enforcing it. From that decree the defendants prayed an appeal, and upon a certificate of the judge that, the validity of the ordinance being in question, the public interest demanded that the appeal be taken to this court, an appeal was allowed accordingly.

The objections to the ordinance are the same as those made to a like ordinance requiring a license and the payment of a license fee for the use of horse-drawn vehicles, which has been considered and decided in *Robbins* v. *City of Herrin,* (*ante,* p. 133.) The original record of the passage of the two ordinances was the same in form and a like amendment was made as to each. The arguments in the two cases are identical and every question involved in this case was considered and decided in the other.

For the reasons given in the opinion adopted in the case above mentioned the decree in this case is reversed and the cause remanded to the city court, with directions to dismiss the bill. *Reversed and remanded, with directions.*